

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 7, 1975

The Honorable Ron Jackson
Executive Director
Texas Youth Council
Sam Houston Building
Austin, Texas 78701

Opinion No. H- 660

Re: Whether the Texas Youth
Council may participate in a
central interagency index of
clients, or provide child abuse
information to an interagency task
force.

Dear Mr. Jackson:

You have asked whether the Texas Youth Council, in light of section 51.14(b) of the Family Code, may participate in a central index of clients prepared by the Interagency Task Force on Youth Care and Rehabilitation, or make available to the Office of Youth Care Investigation information regarding abuse of wards by Youth Council staff members.

The Interagency Task Force on Youth Care and Rehabilitation (Task Force) was established in 1973 by an executive order of the Governor to upgrade the quality of care and rehabilitation services for the youth of the State of Texas. The Office of Youth Care Investigation (Office) is its investigative arm, charged with assisting agencies "in investigating and resolving complaints to the satisfaction of the complainant and all parties concerned, " and assuring the public "that mistreatment complaints involving minors . . . have been or will be investigated fairly, justly and impartially. " These functions and procedures are set out in an April 9, 1974 memorandum to which the Texas Youth Council is signatory, together with the Departments of Public Welfare, Health Resources, Mental Health and Mental Retardation, the Texas Rehabilitation Commission, and the Texas Education Agency.

Generally, the memorandum provides that the Office is to be notified when a complaint involving the mistreatment of a minor is lodged with, or against, an agency and that Office will monitor, but not conduct, the agency's investigation of the complaint so long as it satisfactorily progresses and the complainant is satisfied with the result. If satisfaction does not result, two representatives of a signatory agency not involved in the complaint will conduct a review of the investigation or will conduct a review of the investigation or will conduct an additional investigation and will report their findings to the Governor, the agency involved, and the Task Force. The memorandum stipulates that the proper law enforcement officials shall be notified of any complaint involving a criminal law violation, and that the Office shall observe and comply with all laws relating to confidentiality in its investigations and in maintaining its records.

Section 51. 14(b) of the new Family Code declares that:

> All files and records of a public or private agency
> or institution providing supervision of a child by
> arrangement of the juvenile court or having custody
> of the child under order of the juvenile court are open
> to inspection only by:
>   (1) the professional staff or consultants of the agency
> or institution;
>   (2) the judge, probation officers, and professional staff
> or consultants of the juvenile court;
>   (3) an attorney for the child; or
>   (4) with leave of the juvenile court, any other person,
> agency, or institution having a legitimate interest in the
> work of the agency or insitution.

We assume the "index" to be compiled by the Task Force is to be available only to those persons who are directly engaged in the "mistreatment of a minor" work of the Task Force and will not be made available to other personnel of the signatory agencies or of the Governor's office. The stated deference to laws relating to confidentiality implies as much.

Terms of the agreement creating the Interagency Task Force suggest that the Task Force is intended to be an agency which will provide expertise and objectivity in the investigation of child abuse reports. Given that role we believe the Task Force can properly be classified as a consultant to the Youth Council on this problem. Thus. under these prescribed conditions the Task Force would be classified as a consultant and would be included among those persons permitted to examine Youth Council records under section 51. 14(b) of the Family Code. See also Attorney General Opinion H-494 (1975).

## SUMMARY

> Section 51. 14(b) of the Family Code does not prevent
> the Texas Youth Council from furnishing information
> relating to child abuse to the Texas Interagency Task
> Force on Youth Care and Rehabilitation under proper
> circumstances limiting its distribution and use.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: